RAY DONAHUE v. STATE.

No. A-8150.  Oct. 2, 1931.
(3 Pac. [2d] 746.)

Billingsley & Stanley, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Murray county of the crime of maiming, and his punishment fixed by the court at imprisonment in the state penitentiary at Granite for seven years.

The evidence of the state was that defendant attended a country dance some distance from his home; that he had been drinking; that he became incensed at the way the dance was being run, tore his shirt off, called everybody sons of bitches, and some witnesses testified he said he had just got out of the penitentiary and was ready to go back; that he broke up the dance; that Jim Murphy was attending this dance and acting as caller; that he stepped over to defendant and tried to quiet him and keep him from breaking up the dance; that an altercation began between them, which resulted in a fight; that Murphy struck the first blow; that they clinched, and some of the men pushed them out of the house; that there was a step down outside of the door, and that both parties fell; that Murphy hit his head on something, which rendered him unconscious; that defendant landed on top of him, and, without any interference from the crowd, pounded the unconscious form of Murphy, chewing one of his fingers and scratching his eyes either with his fingers or with some sharp instrument; that as a result of this injury to his eyes Murphy became totally blind.   The doctor in charge of the sanitarium where Murphy was kept for quite a while testified that the injury to his eyes could not have been produced by blows from the fist, but that both of his eyeballs had been scratched by finger nails or some sharp instrument.

Defendant admitted the fight, but claimed it was in his self-defense; he denied that he had poked his fingers or anything else in Murphy's eyes.

Defendant complains that the court erred in giving instructions No. 9 and 12, because they placed the burden upon the defendant to satisfy the jury that he acted in his necessary self-defense. This objection is well taken. It is only necessary that the defendant raise a reasonable doubt on this issue.

Defendant further complains that the court erred in refusing to give his requested instruction on self-defense. The question of who was the aggressor and whether the defendant used more force than was necessary were issues of fact to be determined by the jury. The requested instruction being in proper form, it was error for the trial court to refuse to give the same.

We are reluctant to reverse a case of this character. This case ought to be tried again under proper instructions, and, if the jury then finds defendant guilty, punishment adequate to the offense should be meted out.

For the reasons stated, the cause is reversed and remanded, with instructions to proceed with the trial of the case in accordance with this opinion.

DAVENPORT, P. J., and EDWARDS, J., concur.